**UNITED STATES OF AMERICA**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

United States of America,

    Plaintiff,

        v.

Darrell Johnson,

    Defendant.

Case No. 1:20cr106

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on Defendant's Motion to Dismiss Indictment Based on Commerce Element. (Doc. 17). The United States filed a Response in Opposition. (Doc. 18).

A one-count indictment charges Defendant with possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 2. (Doc. 3). The indictment states that, on or about January 8, 2020, Defendant, a previously convicted felon, knowingly possessed an S&W Model SD9VE 9mm caliber pistol and approximately 10 rounds of ammunition, "and the firearm was in an affecting commerce." *Id.* Defendant moves to dismiss the indictment as legally insufficient.[1] (Doc. 17 PageID 43). He primarily argues that the plain language of Section 922(g)(1) requiring possession "in or affecting commerce" is not satisfied by proof that the firearm had been shipped or transported in interstate or foreign commerce. *Id.* Specifically, he argues that it is not statutorily sufficient for the United States to establish possession "in or affecting

---

[1] The Court previously granted Defendant's Motion to Suppress in a separate Opinion & Order. (Doc. 27).

commerce" by showing that the firearm was manufactured in another state and thus previously shipped or transported in interstate or foreign commerce. *Id.*

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure. Generally, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "In the Sixth Circuit, 'legal questions' may be decided by the Court on a motion to dismiss where 'trial of the substantive charges would not substantially assist the Court in deciding the legal issue raised by the motion to dismiss the in[dict]ment.'" *United States v. Asgari*, No. 1:16-CR-124, 2018 WL 1151562, at *1 (N.D. Ohio Mar. 5, 2018) (quoting *United States v. Jones*, 542 F.2d. 661, 665 (6th Cir. 1976)).

In *Scarborough v. United States*, 431 U.S. 563, 566-67 (1977), the U.S. Supreme Court held that proof that a possessed firearm had, at some point, traveled in interstate commerce is sufficient to satisfy the required nexus between possession and commerce. *Accord United States v. Chesney*, 86 F.3d 564, 571 (6th Cir. 1996) ("The Supreme Court has held that proof that a firearm moved in interstate commerce at any time is sufficient to meet the government's burden of proving the 'in commerce or affecting commerce' element of § 1202(a), the predecessor to § 922(g)(1).") (citing *Scarborough*, 431 U.S. at 566-67). Although Defendant asserts that the Supreme Court's recent Commerce Clause jurisprudence has evolved such that application of the holding in *Scarborough* to Section 922(g) is improper, the Supreme Court has not reversed *Scarborough* and it remains binding precedent. *Cf. Agostini v. Felton*, 521 U.S. 203, 237 (1997) ("We do not acknowledge, and we do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent."). The Court holds that it is

sufficient for the United States to establish possession "in or affecting commerce" by showing that the possessed firearm has, at some point, traveled in interstate commerce.[2] *See Scarborough*, 431 U.S. at 566-67; *Chesney*, 86 F.3d at 571.

Defendant also argues that 18 U.S.C. § 922(g) is unconstitutional, as it exceeds the authority granted to Congress under the Commerce Clause of the U.S. Constitution. (Doc. 17 PageID 55). He concedes that Sixth Circuit precedent precludes this argument and explains that he brings it before this Court to preserve it for appeal. *Id.* The Court agrees with Defendant that binding precedent precludes this argument. *See, e.g.*, *Chesney*, 86 F.3d at 570.

Based on the foregoing, it is hereby **ORDERED** that Defendant's Motion to Dismiss (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

                                                   /s Michael R. Barrett
                                                   Michael R. Barrett, Judge
                                                   United States District Court

---

[2] In so holding, the Court neither weighs any evidence nor makes any factual determinations in this case.